IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Criminal No. 2:10CR8

TAMMI M. BISE,

        Defendant.

## ORDER/OPINION

On the 12th day of August 2010, came the defendant, Tammi M. Bise, through her counsel, Timothy M. Sirk, and filed a Motion for Reconsideration of Detention [Docket Entry 73]. Defendant was Indicted on June 15, 2010, by a Grand Jury sitting in the Northern District of West Virginia. She was named in four counts of a twelve-count indictment concerning a methamphetamine manufacture and distribution conspiracy. Defendant was arraigned on June 23, 2010, at which time a hearing was held on the United States' Motion to Detain. At the hearing, Defendant's counsel advised that he had advised Defendant to continue the hearing until she had evidence or witnesses to support her release, but Defendant preferred to have the hearing that day. Defendant produced no witnesses. The Court received a report from Pretrial Services indicating it was recommended Defendant be released if space was available at a halfway house; however, it was determined there was no such space available.

Defendant, through counsel, argued that there were "decent people" with whom she could live; that she had nowhere to flee; and no funds with which to flee. She had known she was a target having received a target letter weeks before her indictment, but had not attempted to flee.

The United States objected to Defendant's release, arguing she was "adept at moving around,"

and had lived in many different places. Further, she was placed on probation in Buckhannon in February 2010, and some of the offenses charged allegedly took place during that probation.

The Pretrial Services Officer advised that the only individual named in the report as an individual with whom Defendant could reside was not appropriate.

Defendant then advised that she believed a drug counselor, Linda Mealy, would let her reside with her.

Upon consideration of all which, the Court found that Plaintiff had no place of her own to live, and had some friends with whom she might be able to live; however, from her proffer and the Pretrial Services Report, she had not rebutted the presumption that she would not be a flight risk or danger to the community if released. The Court advised it would reconsider the order of detention should Defendant submit new evidence in support of her release.

In Defendant's Motion for Reconsideration, she states that she has obtained an appropriate place to live, in that her father would supply an apartment for her at the Town Center Motel in Clarksburg. Defendant's parents reside at the motel, but Defendant would live by herself in the apartment, but could be monitored by her father. The Court instructed the Pretrial Services Office to investigate the proposed residence as to its suitability. On this date the Pretrial Services Office advised the Court that it did not believe the proposed residence was suitable, for reasons including but not limited to the following:

No room had as yet been rented;

The hotel phone would not be suitable, and a separate landline telephone would have to be installed;

The range of electronic monitoring, even if feasible, would permit Defendant access to most if not all of the hotel, which includes a bar.

Pretrial Services was directed to submit a written brief memo to the Court and both parties

regarding their findings.

Upon consideration of all which, and for other reasons apparent to the Court, Defendant's Motion for Reconsideration of Detention [Docket Entry 73] is **DENIED**.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: August 20, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE